**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KENNETH R. MATTHEWS**                                                   **PLAINTIFF**

**V.**                                    **4:06CV00253JMM**

**COLONY SHOP, INC.**                                                   **DEFENDANT**

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending are summary judgment motions filed by Plaintiff and Defendant.  The parties have responded to each motion.  Further, Plaintiff has filed a motion asking the Court to deem all of Plaintiff's statements of fact true because the Defendant allegedly failed to file a statement of material fact as required under Local Rule 7.2.  The Defendant has responded.  For the reasons set forth below, Plaintiff's motion (Docket # 15) is DENIED and Defendant's motion (Docket # 24) is GRANTED.  Plaintiff's motion regarding Local Rule 7.2 (Docket # 34) is DENIED.

### Facts

According to the Complaint and the affidavit of Plaintiff's wife, Nan Matthews ("Mrs. Matthews"), Mrs. Matthews applied for a Colony Shop credit card on September 3, 2004.  She filled out the application by supplying her name, address, the fact that she was retired, the name and address of her nearest relative and nominal financial information, i.e., whether she had a checking account, savings account, Visa or MasterCard.  According to Mrs. Matthews, after she filled in all of the information and signed the application, the Colony Shop clerk asked her for her husband's name which she provided.  Mrs. Matthews claims that she did not provide any information regarding her husband during the application process, except for his name, and did not authorize the Colony Shop to obtain Plaintiff's credit report.  Mrs. Matthews denies that she intended to list Plaintiff as a co-applicant or to rely on his credit history in applying for the

Colony Shop credit card.  Plaintiff claims that the Defendant altered Mrs. Matthews' application after she signed it by adding his name, address, phone number, his relationship to Mrs. Matthews and his employment status as retired.

According to the Colony Shop and the affidavit of Debra Meachum, Credit Manager for the Defendant, Ms. Meachum reviewed Mrs. Matthews' credit card application sometime after September 3, 2004.  The application was signed by Mrs. Matthews and contained information about Plaintiff.  The signature of Mrs. Matthews and the writing on the application regarding Plaintiff appeared to be the same.  Ms. Meachum "assumed that Mrs. Matthews had authority to request a joint credit account for herself and her husband."  (Def. Ex. B to Def's Mot. For Summ. Judg.).  After obtaining routine credit reports on Plaintiff and Mrs. Matthews, the application for credit was approved and the credit cards were issued.  Plaintiff and Mrs. Matthews were sent credit cards baring their names on September 10, 2004.[1]  Both cards were issued under one account, account number 20000064869.

In August 2005, Plaintiff obtained a copy of his CSC Credit Services Credit File to review for accuracy.  The credit file history contained an inquiry from Colony Shop dated September 2004.  Plaintiff contacted Ms. Meachum on September 6, 2005 about the Colony Shop's inquiry into his credit.  Ms. Meachum explained that Mrs. Matthews had listed him on her credit application as a co-applicant.  Ms. Meachum mailed Plaintiff a copy of the credit application signed by his wife.  Based on Plaintiff's call however, Ms. Meachum "agreed to close the joint account and reestablish an account in Mrs. Matthews' name only.  This was done

---

[1] Ms. Meacham's affidavit incorrectly states that the credit cards were sent to Plaintiff and Mrs. Matthews on September 10, 2005.  However, all evidence indicates this was done on September 10, 2004.

on September 22, 2005."  (Def. Ex. B to Def.'s Motion for Summ. Judg).

Plaintiff filed suit against the Colony Shop on February 22, 2006.  Plaintiff claims (1) Defendant obtained his credit file under false pretenses in violation of the Fair Credit Reporting Act (the "Act"), specifically 15 U.S.C. § 1681q;  (2) Defendant violated its responsibilities to the Plaintiff under 15 U.S.C. § 1861e(d)(1)(B); (3) Defendant discriminated against the Plaintiff in violation of 15 U.S.C. § 1691; (4) Defendant altered Mrs. Matthews' credit application without her consent; and (5) Defendant violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) by obtaining his credit file, altering Mrs. Matthews' application, violating Plaintiff's privacy, and falsely stating that Mrs. Matthews requested Plaintiff be a co-applicant on her account.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

3

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion of the Law

Plaintiff claims that the Defendant has violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o[2] by obtaining his credit report without his authorization or a permissible purpose under the Act.  Section 1681n provides that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that

---

[2] Plaintiff states a cause of action under 15 U.S.C. § 1861q which gives rise to criminal liability for obtaining a credit report by false pretenses.  However, there is no need to imply a private cause of action from § 1861q because the Act was amended in 1996 to include a provision that forbids using or obtaining a credit report unless the report was obtained for a permitted purpose.  *See* 15 U.S.C. § 1861b(f).  Today, § 1681n and § 1861o provide civil liability for obtaining a credit report without a permissible purpose.  "Thus, the civil liability provisions now explicitly cover the act of obtaining a consumer report without a permissible purpose, which formerly was included only by incorporating the criminal liability statute." *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002).  Plaintiff's reliance on § 1861q is unnecessary and the Court will consider his claim under § 1861n and § 1861o.

consumer. . . ." 15 U.S.C. § 1681n(a).  Section 1681o prohibits the same action except this section merely requires negligent noncompliance as opposed to the willful noncompliance required by § 1681n.  In order to sustain either of his claims, Plaintiff must prove that the Defendant did not obtain his credit report for a "permissible" purpose.  Section 1681b of the Act allows a credit reporting agency to furnish a consumer report when the agency has reason to believe that the user "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  15 U.S.C. § 1681b(a)(3)(A).  Plaintiff claims that the Colony Shop did not intend to use his credit report in connection with his wife's credit application because Plaintiff himself did not apply for a credit card.  However, the evidence in the record is to the contrary.

Ms. Meachum stated in her affidavit that she obtained Plaintiff's credit report for the purpose of furnishing him with a Colony Shop credit card.  There is no evidence that Ms. Meachum or the Defendant intended to use Plaintiff's credit information for any other purpose. Whether or not Plaintiff intended to obtain a Colony Shop credit card is irrelevant.  The intent of the "user" of the credit report, or the Defendant, is the issue.  Because there is evidence in the record that the Defendant had a permissible purpose for obtaining Plaintiff's credit report and there is no evidence to the contrary, the Court finds that Plaintiff's claim under Section 1861n and 1861o must be dismissed.  There is no genuine issue of material fact for a jury to consider.

Plaintiff claims the Defendant violated 15 U.S.C. § 1861e(d)(1)(B).  This subsection outlines the notice requirements required to be given by consumer reporting agencies.  Because the Defendant is not a consumer reporting agency as that term is defined by the Act, the claim is

dismissed.  *See* 15 U.S.C. § 1681a(f).

Plaintiff claims that the Defendant discriminated against him in violation of § 1691 of the

Act.  Section 1691(a) provides,

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to
> any aspect of a credit transaction– (1) on the basis of race, color, religion, national origin,
> sex or marital status or age (provided the applicant has the capacity to contract); (2)
> because all or part of the applicant' income derives from any public assistance program;
> or (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a).  Plaintiff makes clear in his Complaint and subsequent pleadings that he

was not an "applicant" for credit from Defendant.  Section 1691(a) applies only to discrimination

against an "applicant" in a credit transaction.  Therefore, Plaintiff cannot maintain a

discrimination claim against the Defendant under § 1691.

Moreover, if Plaintiff had joined his wife as a plaintiff in the suit, she would not have had

a claim under § 1691 either.  Section 1691(b) expressly states that is not discriminatory for a

creditor to "make an inquiry of marital status if such inquiry is for the purpose of ascertaining

the creditor's rights and remedies applicable to the particular extension of credit and not to

discriminate in a determination of credit-worthiness."  15 U.S.C. § 1691(b).  Plaintiff's wife

cannot prove that she was discriminated against because she was not denied credit by the

Defendant in her individual name or in a joint account.  For each of these reasons, Plaintiff's §

1691 claim of discrimination is dismissed.

Plaintiff's remaining claims of alteration of his wife's credit application, *i.e.* fraud, and

various claims under the Arkansas Deceptive Trade Practices Act are state law claims over

which the Court declines supplemental jurisdiction.  28 U.S.C. § 1367(c)(3)(district court may

reject supplemental jurisdiction if the court has dismissed all claims over which it had original

jurisdiction.)

Plaintiff's motion for summary judgment (Docket # 15) is DENIED and Defendant's

motion for summary judgment (Docket # 24) is GRANTED.  Plaintiff's motion regarding Local

Rule 7.2 (Docket # 34) is also DENIED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 12th day of July 2006.


_____
James M. Moody
United States District Judge